IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CALDERON,

        Plaintiff,                  No. CIV S-07-2774 LEW JFM P

    vs.

S. BABICH, et al.,

        Defendants.

_____/        ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.15 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names nine defendants in his complaint, including Warden Felkner and K. Marks.  There are no charging allegations against these two defendants.  For that reason, the court will not order service of process on said defendants.  The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $3.15.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants:  S. Babich; C. Beckman; M. Wright; M. Norgaard; D. Hellwig; D. Clark; and D. Phang.

4. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed December 26, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

1    d.  Eight copies of the endorsed complaint filed December 26, 2007.

2    6.  Plaintiff need not attempt service on defendants and need not request waiver of
service.  Upon receipt of the above-described documents, the court will direct the United States
Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
without payment of costs.

DATED: February 6, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
cald2774.1

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ROBERT CALDERON,
11           Plaintiff,                  No. CIV S-07-2774 LEW JFM P
12      vs.
13  S. BABICH, et al.,                   NOTICE OF SUBMISSION
14           Defendants.                 OF DOCUMENTS
15  _____/
16           Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18               _____      completed summons form
19               _____      completed USM-285 forms
20               _____      copies of the _____
                                            Complaint
21  DATED:
22
23                                       _____
                                                     Plaintiff
24
25
26
```