IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CALDERON,

        Plaintiff,                             No. 2:07-cv-2774 JAM JFM (PC)

    vs.

S. BABICH, et al.,

        Defendants.                       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's December 26, 2007 complaint, in which he claims that his rights under the Eighth Amendment were violated by defendants' deliberate indifference to his safety needs during a period of incarceration at High Desert State Prison (High Desert). Specifically, plaintiff claims that defendants failed to place him in an appropriate facility following his debriefing from a prison gang and that as a result on April 23, 2007 he was stabbed twenty-seven times. This matter is before the court on defendants' motion to dismiss this action pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies prior to filing this action. On March 17, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        "Section 1997e(a) of Title 42 of the United States Code provides:

1

> 1  No action shall be brought with respect to prison conditions under
> 2  [42 U.S.C. § 1983], or any other Federal law, by a prisoner
>    confined in any jail, prison, or other correctional facility until such
> 3  administrative remedies as are available are exhausted.

4  This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

5  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the

6  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

7  requirement during the course of an action. Id. at 1200. Defendants have the burden of proving

8  that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> 9   California's Department of Corrections provides a four-step
>     grievance process for prisoners who seek review of an
> 10  administrative decision or perceived mistreatment. Within fifteen
>     working days of "the event or decision being appealed," the inmate
> 11  must ordinarily file an "informal" appeal, through which "the
>     appellant and staff involved in the action or decision attempt to
> 12  resolve the grievance informally." Cal.Code Regs., tit. 15, §§
>     3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
> 13  resolved during the informal appeal, the grievant next proceeds to
>     the first formal appeal level, usually conducted by the prison's
> 14  Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
>     second level, providing review by the institution's head or a
> 15  regional parole administrator, and the third level, in which review
>     is conducted by a designee of the Director of the Department of
> 16  Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

17  Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

18       In support of their motion to dismiss, defendants have presented evidence that

19  between the time of plaintiff's initial classification hearing at High Desert and the date this

20  lawsuit was filed, plaintiff filed three grievances. See Declaration of M. Dangler in Support of

21  Defendants' Motion to Dismiss (Dangler Declaration), filed May 16, 2008, at ¶¶ 7 and 10. Two

22  of those grievances concerned issues unrelated to the matters at bar. See id. at ¶ 7. On or about

23  August 23, 2007, plaintiff filed a grievance concerning his classification status. See Dangler

24  Declaration, at ¶ 10. A copy of the grievance is attached to plaintiff's complaint and to plaintiff's

25  opposition to defendants' motion to dismiss. Review of the grievance shows that it arose from

26  the April 23, 2007 stabbing and his allegations that he had not been appropriately housed in light

of his safety needs. Plaintiff's grievance was rejected as untimely at the first formal level of review at High Desert State Prison. See Dangler Declaration, at ¶ 10 and Ex. C. It was rejected at the Director's Level, the final level of administrative review, "because it was previously rejected, withdrawn, or canceled." Declaration of N. Grannis in Support of Defendants' Motion to Dismiss, filed May 16, 2008, at ¶ 7 and Ex. D.

Defendants contend that the fact that plaintiff's administrative grievance was rejected as untimely demonstrates that plaintiff did not properly exhaust his administrative remedies. In opposition, plaintiff contends that (1) between August 24, 2004 and April 23, 2007 he had no reason to appeal the classification decision at issue because he was told that he would be transferred to an appropriate bed when one became available; (2) that following the stabbing incident on April 23, 2007 he was hospitalized in Reno, Nevada from April 23, 2007 until May 8, 2007; and (3) that following his return to High Desert he tried unsuccessfully to obtain documents in support of his grievance, which caused him to delay filing the grievance until August 23, 2007.

The United States Supreme Court has held that 42 U.S.C. § 1997e(a) "requires 'proper exhaustion of administrative remedies,' . . . so 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2384 (2006). As a general rule, the time for filing a grievance runs from the date on which "a prisoner 'had notice of all the wrongful acts she wished to challenge. . . .'" Ngo, at 1109 (quoting Knox v. Davis, 260 F.3d 1009, 1014 (9th Cir. 2001)).

Under applicable regulations, plaintiff had fifteen days from "the event or decision being appealed" in which to file his inmate grievance. Cal. Code Regs. tit. 15, § 3084.6(c). The record shows that plaintiff was hospitalized for approximately two weeks following the April 23,

/////

2007 assault and had no opportunity during that period in which to file an administrative grievance.

However, the record also shows that plaintiff waited for over three months after he returned to High Desert to file his grievance. For the latter period, plaintiff asserts that he was attempting unsuccessfully to obtain documentation from prison officials to support his grievance. This asserted reason for the delay is unavailing. The regulations governing inmate appeals provide in relevant part that a grievance shall be submitted on a CDC Form 602, that "a limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the form," and that "[o]nly supporting documentation necessary to clarify the appeal shall be attached to the appeal." Cal. Code Regs. tit. 15, § 3084.2(a)(1), (2). In a letter submitted to the appeals coordinator at High Desert on August 23, 2007, the date on which he submitted his grievance, plaintiff stated that he had requested "legal documents and chronos" as well as a copy of the April 23, 2007 incident report to attach to his grievance, that he had not received the documents, and that all of them could be found in his central file. See Ex. G to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed June 9, 2008. Plaintiff's grievance is well described on the Form 602. See id. It does not appear that any of the documents plaintiff had requested were needed to "clarify" his grievance and, in any event, that any documents required by prison officials to review the grievance were available to them in plaintiff's central file.[1]

---

[1] The United States Court of Appeals for the Ninth Circuit has held that "it is unclear" whether exceptions can be read into the exhaustion requirement. See Ngo, at 1110. The failure to respond to plaintiff's requests for supporting documentation would not appear to fall into any of the categories that the Court of Appeals indicated might support an exception to the exhaustion requirement. Cf. Ngo, at 1110 (" Ngo hasn't shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed.") At least one judge on the Court of Appeals has suggested that there are serious due process concerns with the "draconian timeline" of fifteen days contained in the applicable California regulations. See Ngo, at 1111 (Pregerson, J., concurring.) Those concerns are manifest in the instant action, where plaintiff was attempting first to recover from twenty-seven stab wounds which caused injuries that required him to be life-flighted to an outside hospital, and then to assemble all relevant

For the foregoing reasons, this court finds that plaintiff failed to comply with the fifteen-day time limit for submitting his administrative grievance and, therefore, that plaintiff failed to properly exhaust administrative remedies prior to filing this action.[2]  For that reason, defendants' motion to dismiss should be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' May 16, 2008 motion to dismiss be granted; and

2. This action be dismissed for failure to properly exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2009.

/s/ 
UNITED STATES MAGISTRATE JUDGE

12;cald2774.mtd

---

documents before presenting his grievance.  Nonetheless, this court is bound by applicable decisions of the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.  Under existing precedent, defendants' motion to dismiss must be granted.

[2] But see footnote 1, supra.